IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC THOMAS-BEY,[1] #137013, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:05-CV-605-F |
| | )   WO |
| | ) |
| LARRY LIGON, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Eric Thomas-Bey ("Thomas-Bey"), a state inmate, contends that the defendants denied him due process during proceedings related to a behavior citation issued against him for his violation of administrative rules and regulations. In support of this claim, Thomas-Bey argues that the defendants denied him a hearing to prove his innocence and proceeded with the citation on a false charge.

Upon review of the pleadings filed in this case, the court concludes that dismissal of the plaintiff's due process claim related to the denial of a hearing and his assertion of possible future harm is appropriate upon application of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

---

[1] Prison records identify the plaintiff as Eric Thomas. However, for purposes of this Recommendation, the court will refer to the plaintiff as he identifies himself.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**DISCUSSION**

On May 17, 2005, defendant Ligon lodged a behavior citation against the plaintiff for a violation of Rule #85, failure to follow instructions, rules and regulations.[3] Defendant Barbers served as the investigating officer and determined that the plaintiff had committed the offense as charged in the citation. The sanctions imposed upon Thomas-Bey for this citation included loss of telephone, canteen and visiting privileges for forty-five (45) days, and removal from his prison job.

The plaintiff complains that "the named defendants . . . violated [his] rights to due process" with respect to the behavior citation issued against him and the punishments assessed for such citation. Thomas-Bey maintains that the defendants denied him a hearing to establish his innocence and relied on false information in issuance of the citation.

**A.  Denial of a Hearing**

The plaintiff's due process claim arising from the denial of a hearing is devoid of merit as the sanctions imposed upon him do not implicate any constitutionally protected interest. The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." Thus, the Constitution is implicated only if a person is deprived of an interest protected by the Due Process Clause. In *Sandin v. Conner*, 515 U.S. 472

---

[3]The citation charged that the plaintiff was "stopped by Sgt. Ligon preparing to push a laundry cart out of the laundry with 5 - laundry bags in it. Inside the laundry bags were 7 - extra sheets, 2 - extra shirts, 3 - extra pair of pants, 1- blanket and 4 - white towels sewn together to form a blanket." *Plaintiff's Exhibit A*. The plaintiff asserts that Sgt. Ligon subsequently discovered that the cart and the contents therein belonged to another inmate. He therefore argues that the infraction contained in the citation is false.

(1995), the Court abandoned its prior methodology for determining the existence of a liberty interest. Under such previous methodology, a federal court ascertained whether a state created a liberty interest protected by the Due Process Clause by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion." In its renunciation of prior case law, the Court held that federal courts must look to the nature of the deprivation rather than statutory or regulatory language to determine if a state created a liberty interest.

> Following *Wolff*,[4] we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . . But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner,* 515 U.S. 472, 483-484 (1995)(footnote added)(citations omitted). Moreover, the Court specifically rejected the contention that any action taken by correctional officials as a punitive measure encroaches upon a liberty interest protected under the Due Process Clause. *Id.* at 484.

"Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Sandin,* 515 U.S. at 485. The loss of privileges and removal from a prison job "though concededly punitive, do[] not represent a dramatic departure from the basic conditions" of the sentence imposed upon

---

[4]*Wolff v. McDonnell*, 418 U.S. 539 (1974).

3

the plaintiff. *Id.* In light of the foregoing, it is clear that the aforementioned sanctions fail to "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Consequently, the plaintiff's assertion of a due process violation with respect to the denial of a hearing is indisputably meritless and, therefore, frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319 (1989).[5]

### B. Speculative Harm

Thomas-Bey speculates that the "citation . . . could hinder a transfer or parole . . ." *Attachment to the Complaint* at 1. The plaintiff's supposition that prison or parole officials **may** at some time in the future act unfavorably towards him is insufficient to state a claim on which relief may be granted in this § 1983 action. *See Conner v. Sticher*, 801 F.2d 1266 (11th Cir. 1986). "[T]he injury which his pleadings contemplate is fancied, not real; prospective, not actual; and imagined, not threatened." *Carter v. Heard*, 593 F.2d 10 (5th Cir. 1979). The law is well settled that jurisdiction cannot be premised upon mere speculation. *Cotterall v. Paul*, 755 F.2d 777 (11th Cir. 1985). Thus, Thomas-Bey's claim of possible future adverse action is due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as it is purely speculative and without constitutional implication.

---

[5]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

4

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenge to the denial of a hearing on his behavior citation and his claim of speculative harm be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. This case be referred back to the undersigned for additional proceedings on the plaintiff's claim that the behavior citation is based on false information.

It is further

ORDERED that on or before July 29, 2005 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

    Done this 15th day of July, 2005.

                                    /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE