IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC THOMAS BEY, # 137013, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-605-F |
| | ) |
| LARRY LIGON, et al., | ) |
| | ) |
| Defendants. | ) |

## SPECIAL REPORT

Come now the Defendant, Ligon, Babers, and Nettles, by and through undersigned counsel in the above-styled cause, and file this, his Special Report and Demand for Jury Trial, stating as follows:

## PLAINTIFF'S ALLEGATIONS

Plaintiff allege his constitutional rights have been violated in the following manner:

1. In his Complaint, the Plaintiff summarized his claims as "violation of due process/abuse of authority and administrative regulations." (Complaint, paragraph V.) Stating further, he stated, "I am suing the named defendants in this action because they knowingly violated my rights to due process and with a reckless disregard they abused their authority and administrative regulations, falsely charging and punishing an inmate, firing him from his job and giving him a citation that could hinder a transfer or parole should not be tolerated." (Complaint, attached page 1)

After the Honorable Court issued its Recommendation of the Magistrate Judge (Doc. 7), the plaintiff states "the Defendants should not be allowed to deliberate charge and punish an inmate for

1

no reason." (Objections filed on or about 5, July 2005)

## DEFENDANTS

Larry Ligon, Correctional Officer II, Bullock Correctional Facility

Gwendolyn Babers, Correctional Officer Supervisor I, Bullock Correctional Facility

Sylvester Nettles, Sr., Correctional Officer Supervisor II, Bullock Correctional Facility

## DEFENSES

The Plaintiff fails to state a cause of action against them for which relief can be granted.

The Plaintiff's claim does not state a cause of action that can be maintained under 42 U.S.C.§1983.

The Defendants are entitled to qualified and/or good faith immunity from the inmate's complaint under 42 U.S.C.§1983.

The Plaintiff has failed to sufficiently allege a constitutional violation occurred.

This action is barred under the Prison Litigation Reform Act.

## STATEMENT OF FACTS

On May 17, 2005, at approximately 8:30 p.m., Sgt. Ligon opened the door of the laundry room. As the door opened completely, the plaintiff, who was assigned to the laundry at the time, was standing and leaning against the laundry cart. The plaintiff began to push the cart toward the open door. Sgt. Ligon stopped the cart and found the cart contained several laundry bags filled with laundry items. Inmates who work in the laundry have been told several times of the consequences of removing laundry from the laundry by any means.(Exhibit 1; Affidavit of Sgt. Ligon)

The Plaintiff was fired from his job for attempting to remove clothes from the inmate laundry in violation of institutional rules. In addition, a Behavior citation was issued. As a result of this

citation, he lost the ability to use the telephone, visitation privileges and canteen privileges for a 45 day period. (Exhibit 4; Certified Behavior Citation)

Lt. Babers' only involvement in the incident was she "received facts and served a Behavior Citation. (Exhibit 2; Affidavit of Lt. Babers)

Captain Nettles states that he instructed Sgt. Ligon to write the inmate a Behavior Citation after he learned that he was stopped coming out of the laundry with items in a laundry basket.(Exhibit 3; Affidavit of captain Nettles)

## ARGUMENTS

The Defendants initially point out that, according to the allegations of the Plaintiff, a behavior citation was not issued because he was exercising any constitutional right. His complaint generally is because it is not "fair" and that the laundry items belonged to another inmate.

In Sandin v. Conner,__ U.S. ___, 115 S.Ct. 2293, 132 L.Ed.2d 418, (1995), Conner alleged that Hawaii prison officials deprived him of procedural due process when a committee refused to allow him to present witnesses during a disciplinary hearing and then sentenced him to segregation for misconduct. The Supreme Court held that discipline in segregated confinement did not present the type of a typical, significant deprivation which would create a liberty interest and entitle the prisoner to protection under Wolff v. McDonnell, 418 U.S. 539 (1974). "As such, disciplinary segregation is not a 'dramatic departure' from the ordinary conditions of confinement nor is it a 'major disruption in [prisoners'] environment.'" Thus, under the authority of Sandin v. Conner, the focus should be whether the punishment on its own violate a protected liberty interest as defined by the Supreme Court. In this instance, privileges were taken and there is no evidence of a typical, significant deprivation. The Plaintiff had an opportunity to confront and challenge the allegation that

3

he violated institutional rules. See also <u>Smith v. Mensinger</u>, 293 F.3d 641 (3rd Cir. 2002), <u>Freeman v. Rideout,</u> 808 F.2d 949 (2d Cir. 1986).

The United States Supreme Court has held that courts should dismiss federal civil rights suits seeking damages when a judgment in favor of the plaintiff necessarily implies the invalidity of the plaintiff's criminal sentence, but that sentence has not already been overturned. <u>Heck v. Humphrey,</u> 114 S.Ct. 2364 (1994). This decision has been held to apply to judgments handed down in prison disciplinary proceedings. <u>Edwards v. Balisok,</u> --- U.S. ----, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); see also <u>Stone-Bey v. Barnes,</u> 120 F.3d 718, 719 (7th Cir.1997); <u>Miller v. Indiana Dep't of Corrections,</u> 75 F.3d 330, 331 (7th Cir.1996). As the underlying disciplinary has not been invalidated, the plaintiff does not present a cognizable claim regarding this disciplinary.

As the Plaintiff has failed to state a claim upon which relief can be granted, the Defendants request the Court to dismiss this action pursuant to 28 U.S.C.§1915(d) or in the alternative, as there are no issues of material fact, the Defendants pursuant to F.R.C.P. 56(b), are entitled to summary judgment.   **THE DEFENDANTS DEMAND TRIAL BY A STRUCK JURY.**

Respectfully submitted,

/s/ Kim Thomas

Kim Thomas (THO115)
General Counsel
Deputy Attorney General

4

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130
(334) 353-3888

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading upon

Inmate Eric Thomas-Bey
AIS #137013
Bullock Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089-5107

by placing same in the United States Mail, first class postage prepaid, and properly addressed this the 23rd, day of August 2005.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Kim Thomas
　　　　　　　　　　　　　　　　　　General Counsel

5