IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC THOMAS-BEY, #137013, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-605-F ) |
| LARRY LIGON, et al., | ) ) |
| Defendants. | ) ) |

## AFFIDAVIT

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Larry Ligon, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Larry Ligon, and I am presently employed as a Correctional Officer II, with the Alabama Department of Corrections, Bullock County Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089. I am over twenty-one (21) years of age.

On May 17, 2005, at approximately 8:30 p.m., when I, Sgt. Larry Ligon, opened the door to the laundry room, inmate Eric Thomas, B/137013, was standing and leaning against the laundry cart. As I opened the door completely, he turned around and began to push the laundry cart toward the opened door. I stopped the cart by placing my hand on the cart's rail. I then looked inside the cart and saw several laundry bags filled with laundry items.


DEFENDANT'S EXHIBIT 1

Page 2

On the date this incident occurred, inmate Thomas' job assignment was working in the laundry at Bullock County Correctional Facility. Inmates who work in the laundry have been told on several occasions, and made aware of, the consequences of removing laundry items from the laundry by any means.

Inmate Thomas was fired from his job in the laundry because of his actions; and a Behavior Citation was issued. As outlined in Administrative Regulation #403, it's at the Officer's discretion, based on the severity of the incident, whether to issue a Behavior Citation from Administrative Regulation #414, or a disciplinary (see attached copy of Page 8 of AR 403, dated January 30, 2003).

Larry Ligon, Correctional Officer II
Bullock County Correctional Facility

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the 15th day of August 2005.

Justine B. Person
NOTARY PUBLIC

My Commission Expires: 2/24/2009.

SEAL

psychologist. If an assessment has been done, and the inmate has been deemed capable of understanding the disciplinary process, then determine if the inmate is capable of acting in his/her own defense. If the inmate is not capable of acting in his/her own defense, then appoint an on-duty ALDOC employee to assist the inmate. If the inmate is provided assistance, the hearing may be delayed up to five (5) working days, if requested. Neither other inmate's nor free-world counsel may represent an inmate in a disciplinary hearing. Complete item 10 on the Form 225B. In any case where a disciplinary or rule violation has been voided or otherwise overturned as a result of a technicality or due process violation, but where the behavior indicates the need for a more restrictive placement or custody, classification and/or the Central Review Board may classify the offender as deemed appropriate based upon the specific act or behavior itself.

D. Adjudication - A major violation may be adjudicated with a behavioral citation in accordance with AR 414 provided the following conditions are met:

   1. There is no injury to staff during the incident or as a result of the violation.

   2. No consequences arise which result in the loss or destruction of property and security of the institution.

   3. There is no serious injury to inmates as a result of the violation or incident.

   4. The violator is not likely to receive disciplinary segregation.

   5. With written justification any combination of the Citing Officer, Receiving Supervisor, or the Warden or his/her designee, determines that a behavioral citation is appropriate due to circumstances of the incident or violation.

E. For mental health inmates deemed competent to participate in the disciplinary process, the disciplinary hearing officer will consider the mental health evaluation and any pertinent recommendations prior to determining the inmate's guilt or innocence in making a disposition of the case. The institutional psychologist will be contacted for clarification, if the hearing officer has questions about recommendations. If the inmate is found guilty, the hearing officer may impose punishment and/or refer the inmate for treatment.

F. The disciplinary process will not proceed for an inmate deemed incompetent. The process will be suspended until the inmate has been restored to competency. The institutional psychologist will advise the disciplinary hearing officer when the inmate has been restored to competency, and the disciplinary hearing process can proceed. If the inmate has not been restored to competency within six months, information regarding the rule violation and the inmate's inability to proceed with the disciplinary hearing will be documented in an incident report. The incident report will be filed in the inmate's institutional file. The disciplinary report will be removed from the file and no further action will be taken.

G. Referral for a mental health consultation to the disciplinary process may be made: 1) at the time of the rule violation, 2) when review of the disciplinary report identifies the inmate as