IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ERIC THOMAS BEY, # 137013, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-605-F |
| | ) |
| LARRY LIGON, et al., | ) |
| | ) |
| Defendants. | ) |

## SUPPLEMENTAL SPECIAL REPORT

Come now the Defendant, Ligon, Babers, and Nettles, by and through undersigned counsel in the above-styled cause, and in accordance with the Court's Order (Doc. 12) entered on August 24, 2005, files this Supplemental Special Report as follows:

## DEFENSES

The Plaintiff fails to state a cause of action against them for which relief can be granted.

The Plaintiff's claim does not state a cause of action that can be maintained under 42 U.S.C. §1983.

The Defendants are entitled to qualified and/or good faith immunity from the inmate's complaint under 42 U.S.C. §1983.

The Plaintiff has failed to sufficiently allege a constitutional violation occurred.

This action is barred under the Prison Litigation Reform Act.

## FALSE INFORMATION

The Defendants submit the affidavits of the Defendants to refute the claim that they relied on false information in imposing a minor rule violation that did not result in the loss of good time or other liberty interest (Exhibit 1-3)

In Monroe v. Thigpen, 932 F.2d 1437 (11th Cir. 1991), the court considered a pro se inmate's complaint alleging that he was deprived of due process because erroneous information in his prison file was used to deny him fair consideration for parole and minimum custody status. Monroe alleged that presentence report information indicating he had raped the victim of his crime was false. The defendants admitted the presentence information was false. Acknowledging that he had no liberty interest in parole, Monroe claimed a due process right to be fairly considered for parole. He contended that the defendants' reliance on admittedly false information in order to deny him parole or minimum security classification violated due process. The Monroe court held that the defendants' reliance on false information to deny Monroe consideration for parole was arbitrary and capricious treatment violative of the Constitution. However, the Monroe court was careful to distinguish its holding from its prior decision in Slocum v. Georgia State Bd. of Pardons and Paroles, 678 F.2d 940 (11th Cir.), cert. denied, 459 U.S. 1043 (1982).

> Our holding today does not conflict with our earlier holding in Slocum, supra. In Slocum, the plaintiff, who had been denied parole, made the conclusory allegation that the Board must have relied upon erroneous information because otherwise the Board would surely have granted him parole. Slocum, 678 F.2d at 941. The plaintiff then sought to assert a due process right to examine his prison file for the alleged errors. Unlike the instant case, in Slocum the state did not admit that it had relied upon false information in denying parole nor did the plaintiff present any evidence that his prison file even contained any false information. We held in Slocum that prisoners do not state a due process claim by merely asserting that erroneous information may have been used during their parole consideration. Id. at 942. We also determined

> that prisoners do not have a due process right to examine their prison files as part of a general fishing expedition in search of false information that could possibly exist in their files. Id. In the case at bar, we are confronted with prison authorities who admit that information contained in Monroe's files is false and that they relied upon such information, at least in part, to deny Monroe parole and to classify him as a sex offender. As we stated, the parole statute does not authorize state officials to rely on knowingly false information in their determinations. Thomas v. Sellers), 691 F.2d [487] at 489 [(11th Cir. 1982)].

Slocum controls the disposition of the instant case. The correctional defendants do not admit that the information was false. Sgt. Ligon maintains that as he opened the laundry room door, the Plaintiff "turned around and began to push the laundry cart toward the open door." (Exhibit 1; Affidavit of Sgt. Ligon, Special Report, (Doc. 11) There was no information available to the Defendants to suggest that this fact was nothing but the truth. The Plaintiff appears to argue that because laundry belonging to other inmates was in the cart he was pushing, this somehow exonerates him from responsibility. The plaintiff's contention that the information is false does nothing more than raise the possibility that such may be false. The mere possibility that false information was used by the defendants is insufficient under Monroe to demonstrate arbitrary or capricious treatment. Under Slocum, this claim warrants no relief.

In addition, an inmate does not establish a constitutional violation by proof which simply establishes that correctional officials were negligent in ascertaining the truth or falsity of the information which they have utilized. See Davidson v. Cannon, 474 U.S. 344 (1986) (The protections of the Due Process Clause, whether procedural or substantive, are not triggered when prison officials fail to exercise due care). See also Daniels v. Williams, 474 U.S. 327 (1986).

**THE DEFENDANTS DEMAND TRIAL BY A STRUCK JURY.**

Respectfully submitted,

*[signature]*

Kim Thomas (THO115)
General Counsel
Deputy Attorney General

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
Post Office Box 301501
Montgomery, Alabama 36130
(334) 353-3888

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon

Inmate Eric Thomas-Bey
AIS #137013
Bullock Correctional Facility
Post Office Box 5107
Union Springs, Alabama 36089-5107

by placing same in the United States Mail, first class postage prepaid, and properly addressed this the 12th day of September 2005.

*[signature]*

Kim Thomas
General Counsel